# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA, | : No. 108 MM 2024 |
| | : |
| | : |
| Petitioners | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, AND ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |

BOARD OF ELECTIONS; ELK COUNTY :
BOARD OF ELECTIONS; ERIE COUNTY :
BOARD OF ELECTIONS; FAYETTE :
COUNTY BOARD OF ELECTIONS; :
FOREST COUNTY BOARD OF :
ELECTIONS; FRANKLIN COUNTY BOARD :
OF ELECTIONS; FULTON COUNTY :
BOARD OF ELECTIONS; GREENE :
COUNTY BOARD OF ELECTIONS; :
HUNTINGDON COUNTY BOARD OF :
ELECTIONS; INDIANA COUNTY BOARD :
OF ELECTIONS; JEFFERSON COUNTY :
BOARD OF ELECTIONS; JUNIATA :
COUNTY BOARD OF ELECTIONS; :
LACKAWANNA COUNTY BOARD OF :
ELECTIONS; LANCASTER COUNTY :
BOARD OF ELECTIONS; LAWRENCE :
COUNTY BOARD OF ELECTIONS; :
LEBANON COUNTY BOARD OF :
ELECTIONS; LEHIGH COUNTY BOARD OF :
ELECTIONS; LUZERNE COUNTY BOARD :
OF ELECTIONS; LYCOMING COUNTY :
BOARD OF ELECTIONS; MCKEAN :
COUNTY BOARD OF ELECTIONS; :
MERCER COUNTY BOARD OF :
ELECTIONS; MIFFLIN COUNTY BOARD :
OF ELECTIONS; MONROE COUNTY :
BOARD OF ELECTIONS; MONTGOMERY :
COUNTY BOARD OF ELECTIONS; :
MONTOUR COUNTY BOARD OF :
ELECTIONS; NORTHAMPTON COUNTY :
BOARD OF ELECTIONS; :
NORTHUMBERLAND COUNTY BOARD OF :
ELECTIONS; PERRY COUNTY BOARD OF :
ELECTIONS; PHILADELPHIA COUNTY :
BOARD OF ELECTIONS; PIKE COUNTY :
BOARD OF ELECTIONS; POTTER :
COUNTY BOARD OF ELECTIONS; :
SCHUYLKILL COUNTY BOARD OF :
ELECTIONS; SNYDER COUNTY BOARD :
OF ELECTIONS; SOMERSET COUNTY :
BOARD OF ELECTIONS; SULLIVAN :
COUNTY BOARD OF ELECTIONS; :
SUSQUEHANNA COUNTY BOARD OF :
ELECTIONS; TIOGA COUNTY BOARD OF :
ELECTIONS; UNION COUNTY BOARD OF :

ELECTIONS; VENANGO COUNTY BOARD : 
OF ELECTIONS; WARREN COUNTY :
BOARD OF ELECTIONS; WASHINGTON :
COUNTY BOARD OF ELECTIONS; WAYNE :
COUNTY BOARD OF ELECTIONS; :
WESTMORELAND COUNTY BOARD OF :
ELECTIONS; WYOMING COUNTY BOARD :
OF ELECTIONS; AND YORK COUNTY :
BOARD OF ELECTIONS), :
 :
Respondents :

### ORDER

**PER CURIAM**

**AND NOW,** this 5th day of October, 2024, Petitioners' Application for the Exercise of King's Bench or Extraordinary Jurisdiction is hereby **DENIED**. *See Stilp v. Hafer*, 718 A.2d 290, 292 (Pa. 1998) ("Laches .. bars relief when a complaining party is guilty of want of due diligence in failing to promptly institute an action to the prejudice of another.); *Kelly v. Commonwealth*, 240 A.3d 1255 (lack of due diligence demonstrated where action could have been brought at an earlier date and prejudice to voters would result from disruptive late filing). King's Bench jurisdiction will not be exercised where, as here, the alleged need for timely intervention is created by Petitioners' own failure to proceed expeditiously and thus, the need for timely intervention has not been demonstrated. *See In re Bruno*, 101 A.3d 635, 670 (2014) ("[T]he Court will generally employ the King's Bench authority when the issue requires timely intervention by the court of last resort of the Commonwealth and is one of public importance.").[1]

---

[1] In September 2022, approximately two months before the General Election, Petitioners filed a petition for review in the Commonwealth Court's original jurisdiction against the acting Secretary of the Commonwealth and all sixty-seven County Boards. In that case, as here, they challenged the implementation of county-level notice and cure procedures for defective absentee and mail-in ballots. Ultimately, the Commonwealth Court (continued…)

Further, Petitioners' Application for the Exercise of King's Bench jurisdiction over *Genser v. Butler County Board of Elections*, 1074 & 1085 C.D. 2024, 2024 WL 4051375, *appeal granted in part*, 2024 WL 4248971 (Pa. Sept., 20, 2024), is **DENIED**, as this Court has assumed appellate jurisdiction of that matter. The Application for Leave to Amend Answer filed by Respondents Allegheny, Bucks, Chester, Montgomery and Philadelphia is **GRANTED**. Petitioners' Application for Relief to File an Exhibit Under Seal and Application for Relief to File Supplemental Response to Application for Leave to Intervene are **DENIED**. The Applications of Faith A. Genser, Frank P. Matis, Center for Coalfield Justice, Washington Branch NAACP, Bruce Jacobs, Jeffrey Marks, June Devaughn Hython, Erika Worobec, Sanda Macioce, Kenneth Elliott, David Dean, the Democratic National Committee and the Pennsylvania Democratic Party to Intervene are **DISMISSED AS MOOT**.

Justice Brobson files a concurring statement in which Justice Mundy joins.

---

dismissed the action, concluding that it lacked jurisdiction over Petitioners' claims. *Republican Nat'l Comm. v. Schmidt* (Pa. Cmwlth., No. 447 M.D. 2022 at 28, filed March 23, 2023) (unreported decision) (concluding that "jurisdiction for an action challenging a [c]ounty [b]oard's development and implementation of notice and cure procedures properly lies in the respective [c]ounty's court of common pleas."). Three election cycles have since passed, and the Petitioners have not challenged any of the county notice and cure policies in a court of common pleas. Petitioners filed their instant Application on September 18, 2024.